UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND DIVISION

CIVIL ACTION NO. 06-42-HRW

ANDRE LAMONT CHARLTON                                    PLAINTIFF

VS:                    **MEMORANDUM OPINION AND ORDER**

M.D. RALPH I. TOUMA, ET AL.                              DEFENDANTS

Plaintiff Andre Lamont Charlton ("Charlton") is an inmate confined in the Federal Correctional Institution in Ashland, Kentucky ("FCI-Ashland"). Proceeding *pro se*, he filed a civil rights complaint under 28 U.S.C. §1331 pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) [Record No. 1]. The Court screens civil rights complaints pursuant to 28 U.S.C. §1915A. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

Plaintiff has named as defendants in this proceeding Ralph I. Touma, M.D.; K.M. White, Regional Director of the Bureau of Prisons ("BOP"); Terry O'Brien, Warden at FCI-Ashland; Amanda Waughman, Health Administrator at FCI-Ashland; and Harrell Watts, National Administrator of Inmate Appeals for the BOP. In his complaint, Charlton asserts that the defendants have refused to have his right hip replaced notwithstanding its degenerating condition and their

acknowledgment of the need to replace it.  While Charlton does not expressly set forth the legal basis for his claim, the Court construes his allegations to include an assertion that the defendants have been deliberately indifferent to his serious medical needs in violation of his right to be free from cruel and unusual punishment under the Eighth Amendment to the Constitution of the United States.

## BACKGROUND

On March 24, 2004, Charlton pleaded guilty to selling crack cocaine in violation of 21 U.S.C. §841(a)(1).  Charlton was sentenced to a term of seventy-one months of incarceration.  Charlton filed no direct appeal, but subsequently filed a Section 2255 motion which remains pending.  *United States v. Charlton*, 02-CR-200, Southern District of West Virginia [Record Nos. 73, 76].

In his complaint, Charlton alleges that he was told in June 2003 by his outside orthopaedic physician that his right hip needed to be replaced.  He was arrested for his current offense in late July before that surgery took place.  Plaintiff alleges that he informed Defendants of his need for the replacement surgery upon his arrival at FCI-Ashland on April 16, 2004.  When Dr. Touma examined him on September 23, 2004, he confirmed Plaintiff's need for the surgery, but indicated that it would not be performed because the BOP lacked a facility to perform it.

Dissatisfied with the BOP's refusal to order the hip replacement surgery, Charlton initiated the BOP grievance process on December 3, 2004, by filing a grievance with the warden at FCI-Ashland, which was denied.  Charlton pursued his administrative grievance through appeals to the Regional Director and the National Office of Inmate Appeal, but received a final denial on April 4, 2005.  Six months later, Charlton filed the instant complaint on October 3, 2005, demanding that he

be provided with the hip replacement surgery as well as money damages in an unspecified amount.

**DISCUSSION**

Federal courts sitting in Kentucky "borrow" Kentucky's one-year statute of limitations for personal injury claims, K.R.S. §413.140(1), for constitutional claims asserted under 42 U.S.C. §1983, *Collard v. Kentucky Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990), and under 28 U.S.C. §1331under the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003) (citing *McSurely v. Hutchison*, 823 F.2d 1002 (6th Cir. 1987)).

Under federal law, a claim accrues when the plaintiff knows, or has reason to know, of the injury which forms the basis for the action. *Bagley v. C.M.C. Real Estate Corp.,* 923 F.2d 758, 760 (9th Cir.1991); *Gibson v. United States*, 781 F.2d 1334, 1340 (9th Cir.1986). Charlton's claims therefore accrued, and hence commenced the statute of limitations period running, no later than September 23, 2004, when he was examined by Dr. Touma and denied the surgery after being told three months before by his outside physician that it was medically necessary. *See, e.g., Hill v. Godinez*, 955 F.Supp. 945, 951-52 (N.D.Ill. 1997) (inmate's §1983 claim for deliberate indifference to serious medical needs accrued upon inmate's discovery of information suggesting harm due to allegedly inadequate diagnosis and treatment). Ordinary application of Kentucky's statute of limitations would therefore bar Charlton's claims if not brought in a complaint filed on or before September 23, 2005. Charlton filed the present complaint after that time, on March 15, 2006, which is 538 days after his medical examination with Dr. Touma.

Federal law unambiguously requires a prisoner to exhaust all available administrative

remedies as prerequisite to filing a lawsuit with respect to prison conditions.

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. §1997e(a) (1999).  Because prisoners cannot bring suit in federal court until they have exhausted their administrative remedies, the running of the applicable statute of limitations is tolled for the period during which a prisoner is exhausting "such administrative remedies as are available." *Brown v. Morgan,* 209 F.3d 595, 596 (6th Cir. 2000).  Here, Charlton invoked the BOP's administrative remedy process on December 3, 2004, and received a final denial on April 4, 2005. Thus the statute of limitations was tolled for 122 days for that period during which he exhausted his administrative remedies with the BOP.

Nonetheless, even when credited 122 days for this period to exhaust his remedies, Charlton still waited 416 days to file the present complaint, well in excess of the 365 days allowed under the applicable one-year statute of limitations.  Accordingly, Plaintiff's complaint will be dismissed *sua sponte* as clearly barred by the statute of limitations.  *Stimac v. Bostick*, 7 F.3d 235, 1993 WL 384999 (6th Cir. 1993) (unpublished disposition) (where claims in complaint are self-evidently barred by statute of limitations, complaint properly dismissed); *Martin v. Wigginton*, 999 F.2d 540 (6th Cir. 1993) (same); *Mercer v. Lexington Fayette Urban County Government*, 52 F.3d 325, 1995 WL 222178 (6th Cir. 1995) (unpublished disposition).

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1)      This action is **DISMISSED**, *sua sponte*, with prejudice.

-4-

(2)     The Court certifies that any appeal would not be taken in good faith.  28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

(3)     This is a **FINAL** and **APPEALABLE** order.

(4)     This matter [Civil Action No. 06-42-HRW] is **STRICKEN** from the active docket of the Court.

This March 27, 2006.

Signed By:

*Henry R Wilhoit Jr.*

**United States District Judge**